**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CARLOS NOGUERA, <br><br> Petitioner - Appellant, <br><br> v. <br><br> ROBERT LEGRAND, Warden and NEVADA ATTORNEY GENERAL, <br><br> Respondents - Appellees. | No. 11-18072 <br><br> D.C. No. 3:11-cv-00428-LRH-WGC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., Senior District Judge, Presiding

Submitted February 10, 2014[**]
San Francisco, California

Before: REINHARDT and THOMAS, Circuit Judges, and SESSIONS, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable William K. Sessions III, District Judge for the U.S. District Court for the District of Vermont, sitting by designation.

Noguera appeals the district court's dismissal of his habeas corpus petition for failure to exhaust. We hold that the district court erred in dismissing Noguera's petition, as Noguera had exhausted the three claims in question. He raised those claims on direct appeal to the Nevada Supreme Court and alerted that court that the claims were federal in nature by citing specific provisions of the federal Constitution. He also included a statement of the facts that entitled him to relief. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003) ("To satisfy the exhaustion requirement, the claim must have been presented previously to the Nevada Supreme Court, 'includ[ing] reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'") (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)).[1]

**REVERSED AND REMANDED.**

---

[1] The state asserts that Noguera has waived any contention that he exhausted his claims by not raising this argument below. Even if the state is correct, this Court exercises its discretion to review waived issues when necessary to prevent a miscarriage of justice. *See Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985). Such is the case here, as Noguera was proceeding pro se at the district court and it is clear that the claims at issue were exhausted, and therefore that his petition was improperly dismissed.